GIBSON (KIRKPATRICK v.). See Case No. 7,848.

## Case No. 5,398.

### GIBSON et al. v. LEWIS.

[11 N. B. R. 247; [1] 11 Phila. 476; 32 Leg. Int. 22.]

Circuit Court, E. D. Pennsylvania. 1875.

BANKRUPTCY — PROVABLE DEBTS — UNPAID SUBSCRIPTIONS ON CORPORATE STOCK — BILL COMPELLING COMPANY TO MAKE ASSESSMENTS — INTERLOCUTORY RELIEF.

1. The charter of a railroad company provided that in case of default of any stockholder to pay an assessment on his stock after a prescribed notice, the stock and any payments thereon should be forfeited to the company. This company failed to pay interest accrued on its mortgage-bonds. The holders of the bonds were about to institute proceedings against it to compel an assessment of the necessary and proper contributory payments, on stock which complainants allege has not been properly paid for. In the estate of the bankrupts are included, to large amounts, both certificates of stock of the company and bonds purporting to be secured by its mortgages. The complainants by their bill allege that the company, being insolvent, is a trustee in its corporate capacity for its creditors in the matter of collecting and enforcing the unpaid subscriptions to the capital stock. The bill further alleges that for the unpaid amounts which ought to be contributed on the shares of the stock which were held by the bankrupts, there is a debt provable against their estate by the company; that the principal office of the company is in the state of New York, and complainants are about to institute judicial proceedings there to compel the filing and proof of its claim against the estate in bankruptcy. The bill prays that proof of debt in bankruptcy be allowed, and that the defendant be restrained in the meantime from distributing the estate; and also for a decree against the defendant for an account and distribution. Held, that there should be primarily a decree compelling the company to make the necessary and proper assessments upon the stock, and preventing the misuse of any fictive certificates which indicate the stock has been fully paid for.

2. Secondary relief should be to compel the making and allowance of proof in the bankruptcy proceedings of the amount previously

[1] [Reported by Richard Peters, Jr., Esq.]

[1] [Reprinted from 11 N. B. R. 247, by permission.]

ascertained as due for the assessment on the shares of the stock which were held by the bankrupts.

3. This court has no proper cognizance of the primary subject, which should be by a suit in equity in the proper court of the state of New York; but after the debt for the assessment shall have been ascertained by the decree of a court of competent jurisdiction, the debt will be provable in the bankruptcy court, and could be made in the name of the corporation by any party interested.

4. An injunction temporarily restraining the defendant from distributing more than the residue of the estate would have been granted under proper proceedings instituted seasonably on the part of the bondholders, but the present application is unreasonably late.

5. The defendant should be temporarily prohibited from disposing of the stock, but no other interlocutory relief can be granted.

The charter of a railroad company provided, that in case of default of any stockholder to pay an assessment on his stock, after a prescribed notice, the stock and any payments made thereon, should be forfeitable to the company. This company had failed to pay interest accrued on its mortgage-bonds. The complainants, holders of such bonds, were about, for themselves and the other creditors of the company, to institute proceedings against it, to compel an assessment on the stock of the necessary and proper contributory payments. The company had issued certificates of the stock which stated that the shares were fully paid for. The complainants alleged that either the certificates were in this respect wholly untrue, or the stock has not been properly paid for. A firm holding such stock had been adjudged bankrupts, and there had been extraordinary delay in the bankruptcy. The purpose of the bill was to restrain distribution of the assets in bankruptcy until proof could be made of the expected assessment on the shares of the bankrupts as a debt in the bankruptcy. The railroad company was not, and could not be made, a party defendant; and the proposed proceedings against it were to be under a competent jurisdiction elsewhere. The right of compelling the assessment, under such proceedings, of any amount which could be prospectively liquidated was not considered unquestionable. For this reason, and in consideration of the delay, a temporary injunction to restrain generally distribution in the bankruptcy was refused. But an injunction to restrain temporarily the disposal of the stock was granted. In the estate [of Jay Cooke & Co.], of which the defendant [Lewis] is the trustee in bankruptcy, are included, to large amounts, both certificates of the stock of the Northern Pacific Railroad Company, and bonds of the same company which purport to be secured by its mortgage, executed under the authority of an act of congress. The complainants allege that they hold other such mortgage bonds, and that the company is unable to pay the accrued and accruing interest on them, and unable to

meet its other engagements; and assert that the deficiency ought to be supplied by contributions from stockholders who have not paid for their shares. The bill alleges that the company has not made the assessments upon the stock which are necessary and proper, in order to compel such contributions. On the affidavits, and accompanying exhibits, it is further asserted that the company has, through fictitious credits, or other improper allowances to shareholders, and particularly to the bankrupts, wrongfully issued certificates of the stock as having been fully paid for, where the contrary was the truth. The bill asserts that for the unpaid amounts which ought to be contributed on the shares of the stock which were held by the bankrupts, there is a debt provable against their estate by the Northern Pacific Railroad Company, that the principal office of this company for the transaction of its corporate affairs is in the state of New York, and that the complainants are about to institute judicial proceedings there against the corporation and its proper officers, to compel the filing and proof of its claim against the estate in bankruptcy. It is further alleged and contended that the company "being insolvent, is a trustee in its corporate capacity for its creditors in the matter of collecting and enforcing the unpaid subscriptions to the capital stock," and that the complainants are competent to prove the debt in the company's name, or in their own, on behalf of themselves and of the company's other creditors. The bill prayed that proof of the debt in bankruptcy be allowed, and that the defendant be restrained in the meantime from distributing the estate. As the bill has been amended, it also prays a decree against the defendant for an account and distribution. The present application is for an injunction to restrain distribution.

Mr. West, Mr. Andrews, and Mr. Blandy, for complainants.

Mr. Ashhurst, Mr. Bullitt, and Mr. Dickson, for defendant.

CADWALADER, District Judge. Assuming the truth of the affirmative and negative allegations of the complainants, the relief to which they are entitled, in the proper court or courts, on behalf of themselves and the other creditors of the Northern Pacific Railroad Company, may be considered as twofold. There should be primarily a decree compelling this railroad company to make the necessary and proper assessments upon the stock, and preventing the misuse by shareholders of any fictive certificates which indicate that stock has been fully paid for. The secondary relief should be to compel the making and allowance of proof in the bankruptcy, of the amount primarily ascertained as due for the assessment on the shares of the stock which were held by the bankrupts. The twofold purpose may be attainable in

two successive proceedings; the first, a suit in equity in the proper court of the state of New York, against the railroad company; the second, a suit by bill or petition in this court, or in the court of bankruptcy. The decree in such former suit may include an order to prove in the bankruptcy, or may simply make or direct the assessment.

If the railroad company could be compulsorily made a party defendant in this court, the twofold relief might be attainable here, in two successive stages of one and the same suit in equity. But the order of priority of the two stages could not properly be inverted. It is true, that under proper proceedings in equity, at the suit of a creditor of a corporation against stockholders, the circuity of compelling a formal preliminary assessment by the corporation upon the stock of every delinquent stockholder is not always necessary. In some cases the assessment may be made by the court. In other cases of simple ascertained right, where questions of contribution do not arise, or where they can be safely left open for subsequent adjustment among the proper parties, the form of an assessment may even be wholly dispensed with. In special cases a creditor may thus obtain direct relief. But in all such cases the corporation should be made a party.

In the present case, the railroad company would certainly not be a merely formal or nominal party. What amount of assessment upon the stock is necessary and proper may not be a simple question. If the answer to it were otherwise obvious, the subject may perhaps be complicated with inquiries whether certain bondholders are not themselves defaulting stockholders. The documents which have been exhibited with the affidavits may also suggest inquiries affecting the consideration of mortgage bonds. Whether delinquent stockholders are to any extent liable personally in addition to the forfeiture of their shares, which is provided for in the 16th section of the company's charter, appears, moreover, to be a contestable question. Such a question may arise in either the primary or the secondary stage of litigation.

Now, the railroad company is not suable in this court, either under the 11th section of the judiciary act of 1789 [1 Stat. 78], or under the 2d section of the bankrupt act of 1867 [14 Stat. 517]; and if jurisdiction were otherwise exercisable here, the company could not be served with the process of the court. Therefore, the court has no proper cognizance of the primary subject. But the ulterior subject is peculiarly cognizable here; that is to say, after the debt for the assessment shall have been ascertained, by the decree of the court of competent jurisdiction, the debt will be provable in the court of bankruptcy. Whether the decree in the other court had or had not expressly ordered the corporation to make the proof of bankruptcy, might then be unimportant. This court would, I think, allow it to be made in the name of the corporation by any party interested. This would, in such ulterior stage of litigation, be very different from originally adjudicating the question here as between the corporation and the stockholders. The two subjects have been confounded indiscriminately in the argument for the complainants.

The court having, however, this prospective jurisdiction, the present question is whether the complainants ought not to be allowed a reasonable time to obtain the decision of a court of competent jurisdiction establishing the primary right. If time should be thus allowed, it would seem to follow that an estimated ratable portion of the estate in bankruptcy ought to be set apart for the prospective dividend. If this ought to be done, there should be an injunction temporarily restraining the defendant from distributing more than the residue of the estate. Such an injunction would have been grantable under proper proceedings, instituted seasonably on the part of these bondholders. But the present application is unreasonably late. This might not prevent an injunction if the right of the creditors of the railroad company was clearly ascertained to any amount which could be provisionally liquidated now. But this, we have seen, is not the case. The point for decision, therefore, is whether, after the extraordinary and unexplained delay which has already occurred under this bankruptcy, any time can be reasonably allowed for the institution and prosecution of the primary judicial proceedings at the suit of these complainants in another jurisdiction. They may, perhaps truly, say that the other creditors have not done anything to expedite a dividend, and have not objected to past delay. This observation does not appear to me to furnish a reason for sanctioning further delay. It is said that the trustee is now ready and willing to take the responsibility of making a dividend without a judicial order on the subject. If so, this court may not be able to assist him; but it will not impede him at this late day.

It has been suggested, that although the general injunction asked for should be refused, the court may nevertheless restrain distribution as to the mortgage bonds of the estate in bankruptcy, and as to the shares of stock. So far as the facts have been developed, there appears to be no reason for discriminating, in favor of the present complainants, between the mortgage bonds of the estate and any other assets. To the full extent of all that has been thus far stated, my opinion was definitely expressed at the close of the argument of counsel some days ago.

A single question has been since held under advisement. This question is, whether to restrain the disposal by the defendant of the shares of stock in the railroad company which are subjects of his trust? Upon re-

flection, I think he should be temporarily prohibited from disposing of the stock. The railroad company will, if any payments be hereafter assessed upon the shares, have a security upon them under the 16th section of the charter; and, whether this will prove to be the only security for the assessments or not, it should be retained for the present, at least. But no other interlocutory relief can be granted.